UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QUEEN CHARLOTTE FRANKLIN,            Case No. 1:25-cv-52

       Plaintiff,                                         Cole, J.
                                                            Bowman, M.J.
       v.

J.C. BATTLE FUNERAL HOME, et al.,

       Defendants.

**REPORT AND RECOMMENDATION**

On February 4, 2025, Plaintiff Queen Charlotte Franklin moved for leave to file the above-captioned complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.

*Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); see also *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570); see also *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual

2

allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II. Analysis of Complaint

The Court takes judicial notice of the fact that between Plaintiff's first pro se appearance in this Court on December 30, 2022 and the end of 2024, this Court dismissed (or recommended the dismissal of) at least four complaints filed by the same Plaintiff as frivolous under applicable screening standards. *See e.g., Franklin v. U.C. Drake Hospital*, No. 1:24-cv-611-JPH-KLL (case dismissed, appeal pending); *Franklin v. Hamilton County Sheriffe*, No. 1:24-cv-610-DRC-SKB (R&R recommending dismissal pending before presiding district judge); *Franklin v. Dieffenbach*, No. 1:24-cv-524-JPH-SKB (case dismissed by this Court, *in forma pauperis* denied, but ruling on *in forma pauperis* status pending in Sixth Circuit); *Franklin-Samuels v. Soc. Sec. Admin*., et al., No. 1:22-cv-775-MWM-KLL (case dismissed, motion to reopen denied, no appeal filed). This Court routinely warns pro se litigants who file multiple cases that are deemed to be frivolous under 28 U.S.C. § 1915 screening standards that continuing the same course of conduct may result in the imposition of pre-filing sanctions and/or a declaration that their filings are "vexatious."

Plaintiff here has not yet been issued such a warning, in part because the use of different first and last names has made it more difficult for this Court to track her cases.[1]

---

[1] Plaintiff has filed cases under multiple first and last names. For example, she routinely uses variations of "Charlotte" or "Queen" as a first name and either "Franklin" or "Franklin-Samuels" as a surname.

3

Plaintiff has tendered her complaint on the complaint form often used by pro se litigants. The fact that Plaintiff routinely leaves blank a section of the form that specifically asks her to list her previous cases, including "the case number and caption" of each lawsuit in which she previously appeared, contributes to the challenge of tracking her cases. (See Doc. 1-1, PageID 7). The referenced query is designed to assist the Court in more readily identifying duplicitous lawsuits and/or vexatious litigants. By leaving the question blank, Plaintiff falsely implies that she has filed none. (*See id.*).

Recently, Plaintiff has picked of the pace of her filings. Over the past twelve days, from January 31, 2025 through February 11, 2025, Plaintiff has initiated twenty new cases. In each case, she seeks to file *in forma pauperis*, or without payment of fees. *See*, *e.g.*, Case Nos. 1:25-cv-41-DRC-SKB, 1:25-cv-42-DRC-KLL, 1:25-cv-44-MRB-SKB,[2] 1:25-cv-48-DRC-KLL, 1:25-cv-49-MRB-KLL, 1:25-cv-51-JPH-SKB, 1:25-cv-52-DRC-SKB, 1:25-cv-58-SJD-SKB, 1:25-cv-59-JPH-SKB, 1:25-cv-60-DRC-KLL, 1:25-cv-65-DRC-KLL, 1:25-cv-77-MRB-SKB, 1:25-cv-78-DRC-KLL, 1:25-cv-79-MWM-KLL, 1:25-cv-80-JPH-KLL, 1:25-cv-82-MWM-KLL, 1:25-cv-83-SJD-KLL, 1:25-cv-86-SJD-SKB, 1:25-cv-87-JPH-KLL, 1:25-cv-88-JPH-SKB 1:25-cv-52-DRC-SKB, 1:25-cv-58-SJD-SKB, 1:25-cv-59-JPH-SKB, 1:25-cv-60-DRC-KLL, and 1:25-cv-65-DRC-KLL. In the above-captioned case, Plaintiff's motion to proceed *in forma pauperis* indicates that she receives $1,783.60 in retirement income on a monthly basis, has $500 in cash or savings, and owes a single creditor only $300 with no other debts. (Doc. 1, PageID 2-3). Given that report and evidence that she paid a $605 filing fee in another case on January 31, 2025,

---

[2]On February 5, 2025 the undersigned recommended that this case also be dismissed under 28 U.S.C. §1915(e)(2)(B).

4

it is unclear whether Plaintiff actually qualifies to proceed i*n forma pauperis*.[3] But absent further information, the undersigned has conditionally granted Plaintiff's application to proceed without payment of a filing fee. Under the referenced screening standards, however, the undersigned recommends that Plaintiff's lawsuit be dismissed for failure to state any plausible claim.

In this case, Plaintiff names the following Defendants (1) JC Battle Funeral Home; (2) Walker Funeral Home; (3) Joseph R. Garr Funeral Home; and (4) Cincinnati Ohio Coroner. She has checked every possible box on the form to assert subject matter jurisdiction, indicating both that she is filing a civil rights lawsuit that arises under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, and that she is also invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1-1, PageID 5).

In the "Statement of Claim" section, Plaintiff has written:

> Rev received funeral monies that I didn't give him alone with a insurance policy of $500 which was mine. Battle wouldn't let me see my sons remains came and picked up his clothes which was not my child in the casket. Coroner removed his eyes without my permission. Walker has two death dates and refused to give me any information about my daughter and the death does not right [sic]. Everybody does what they wanted to do.

(Doc. 1-1, PageID 6). In the "Relief" section, which asks plaintiffs to "state (write) briefly exactly what you want the court to do for you," Plaintiff writes: "Give me mercy Please!" (*Id*., PageID 7). Below her signature, she adds the cryptic notation "$ Billions." (*Id*.)

From the face of the complaint, this Court lacks diversity jurisdiction because Plaintiff identifies both herself and all four Defendants as residents or citizens of Ohio. Therefore, to the extent that any jurisdiction exists, it would have to arise under the civil

---

[3]On the same day she filed three new cases in this Court seeking to proceed *in forma pauperis*, Plaintiff paid an appellate filing fee of $605 in order to pursue her appeal of this Court's dismissal of Case No. 1:24-cv-611-JPH-KLL.(*Id*., Doc. 15).

rights statute or 28 U.S.C. § 1331. However, "[t]o state a viable claim under 42 U.S.C. § 1983, a plaintiff 'must allege that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law.'" *Smith v. Detroit Entertainment L.L.C.*, 338 F.Supp.2d 775, 778 (E.D. Mich. 2004) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

Three of the four Defendants appear to be privately owned funeral homes, and are not alleged to be persons acting under color of state law. Therefore, the assertion of federal question jurisdiction cannot stand based on Plaintiff's asserted claims against the funeral homes. On the other hand, the coroner could potentially be a person acting under color of state law, at least theoretically giving rise to some basis for the exercise of federal jurisdiction over this case.[4] Because Plaintiff has identified one Defendant who – liberally construed – might have acted under color of state law, the undersigned will proceed beyond the threshold jurisdictional issue to determine whether Plaintiff's complaint contains sufficient factual detail under the basic pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It does not. Plaintiff fails to include sufficient facts to state any plausible claim against any Defendant. With respect to the coroner, Plaintiff alleges only that the he or she "removed [her son's] eyes without permission." The undersigned does not wish to be insensitive to Plaintiff's apparent grief. But even construing the complaint liberally, her single allegation is too bereft of factual detail to state a claim. For example, Plaintiff does not indicate that her son was a minor child at the time of his death or provide other details

---

[4] In this regard, the undersigned liberally construes the complaint as naming the Hamilton County Coroner, an office based in Cincinnati, Ohio. Under some circumstances, this Court could exercise jurisdiction over a civil rights claim filed against the Hamilton County coroner.

6

that would endow her with a cognizable interest over his remains. In fact, she does not even provide her son's name, or the date or year on which the coroner allegedly took the unwanted action. She also does not include allegations to support a conclusion that the coroner took the action pursuant to any established county policy, nor does she identify any federal or constitutional provision that the coroner allegedly violated. In other words, Plaintiff's single allegation against the coroner is nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Therefore, the undersigned recommends the sua sponte dismissal of Plaintiff's lawsuit.

Given that this now the sixth lawsuit that Plaintiff has filed as to which sua sponte dismissal has been recommended under 28 U.S.C. § 1915 screening standards, and in light of Plaintiff's dramatically increased litigation activity in 2025, the undersigned further warns Plaintiff that if she persists in filing further lawsuits that are dismissed sua sponte on initial screening, she is likely to be deemed to be a vexatious litigant subject her to pre-filing restrictions. Every frivolous lawsuit that is filed taxes scarce judicial resources and necessarily detracts from this Court's administration of justice in presiding over legitimate non-frivolous cases. Ordinarily, a pro se plaintiff who proceeds in forma pauperis will be formally warned before pre-filing restrictions are imposed. However, because Plaintiff has initiated so many new cases within so short a time period, the Court simply has been unable to keep pace. In this extraordinary circumstance, the undersigned has entered an order this same day that prohibits the Clerk of Court from accepting **new** case filings from Plaintiff from this day forward for a period of sixty (60) days, in order to permit the Court to screen all of the cases she has filed since January 31, 2025, and for the presiding

7

district judges to rule on those cases that have been screened and for which sua sponte dismissal is already recommended. If, after the expiration of that sixty day period, Plaintiff's frivolous cases number six or more, the undersigned recommends that Plaintiff be deemed to be vexatious, and that pre-filing restrictions be imposed.

When a litigant fails to comprehend the basis for the prior dismissals and continues to file additional lawsuits subject to dismissal on the same grounds, a federal court may deem that litigant to be vexatious and impose an appropriate sanction. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 938-940 (6th Cir. 2002) (affirming imposition of monetary sanctions and injunction that prohibited plaintiffs from filing any civil lawsuit in federal court that included similar claims without written permission); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (Table) (upholding sanctions against pro se litigant who had repeatedly attempted to collaterally attack foreclosure and eviction, and was using the judicial system to harass and punish anyone who had anything to do with those actions). *See also, generally Matter of Chaban*, Case No. 2:17-cv-11139, 2017 WL 2544346 (E.D. Mich. June 13, 2017) (directing plaintiff to "show cause" under Bankruptcy Rule 8020 why the court should not sanction him for filing a fifth frivolous appeal of a bankruptcy court order).

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. All claims contained in Plaintiff's complaint should be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B);

2. Because this is the sixth case for which this Court has recommended dismissal under 28 U.S.C. § 1915(e)(2)(B), Plaintiff should be formally warned that she is highly likely to be deemed to be vexatious and made subject to prefiling limitations if she persists in filing additional cases that are factually and legally frivolous under screening standards;

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*.

      *s/Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QUEEN CHARLOTTE FRANKLIN,

    Plaintiff,

    v.

J.C. BATTLE FUNERAL HOME, et al.,

    Defendants.

Case No. 1:25-cv-52

Cole, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).