UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**QUEEN CHARLOTTE FRANKLIN,**

      **Plaintiff,**

  v.

**J.C. BATTLE FUNERAL HOME, et al.,**

      **Defendants.**

Case No. 1:25-cv-52

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## ORDER

Plaintiff Queen Charlotte Franklin is well-acquainted with the federal courts. At the beginning of 2025, during a two-week span, Franklin, proceeding pro se and in forma pauperis (IFP), filed twenty lawsuits in this District, many of which make nearly incomprehensible (and sometimes illegible) allegations involving "black magic."[1] The Magistrate Judge assigned to this case, exercising her authority under 28 U.S.C. § 1915(e)(2), screened Franklin's Complaint here. In her resulting Report and Recommendation (R&R, Doc. 4), the Magistrate Judge recommends that the Court dismiss the Complaint with prejudice. The R&R also formally warns Franklin that continuing to file cases that are dismissed on initial screening will likely result in her designation as a vexatious litigator.

---

[1] Franklin's litigation history is more thoroughly detailed in one of the Court's previous Orders dismissing another one of Franklin's many cases. *Franklin v. United States Postal Service*, 1:25-cv-60, 2025 WL 957556, at *1 nn.1 & 2 (S.D. Ohio Mar. 31, 2025).

For the reasons briefly laid out below, the Court **ADOPTS** the R&R (Doc. 4) with one minor modification and **OVERRULES** Franklin's Objection (Doc. 6). Specifically, the Court **DISMISSES** the Complaint (Doc. 3) **WITH PREJUDICE** as against the Hamilton County Coroner[2] for failure to state a claim, but the Court **DISMISSES** the Complaint **WITHOUT PREJUDICE** as against the private funeral homes for lack of subject-matter jurisdiction. Moreover, the Court **FORMALLY WARNS** Franklin that if she files any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards, the Court will deem her a vexatious litigator.

When she filed her Complaint, Franklin also sought leave to pursue this action IFP. (Doc. 1). In connection with granting that motion, the Magistrate Judge exercised her authority to screen the Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Based on her review, she issued an R&R concluding that the Court lacks subject-matter jurisdiction as to the three private funeral home Defendants, and that the Complaint fails to state a claim as to the Hamilton County Coroner. (Doc. 4, #25–27). Within the required fourteen-day timeline, Franklin objected. (Doc. 6).

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). Upon review, the

---

[2] Franklin named the "Cincinnati Coroner" as a Defendant. (Doc. 3, #16–17). The Magistrate Judge liberally construed Franklin's Complaint as "naming the Hamilton County Coroner—an office based in Cincinnati, Ohio." (Doc. 4, #26 n.4).

2

Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

But that review extends "only to any portion [of the R&R] to which a proper objection was made." *Bates*, 2023 WL 4348835, at *1 (quotation omitted). A proper objection, moreover, is one that is "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And a court need not provide de novo review where the objections are frivolous or conclusory. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, Franklin sued J.C. Battle Funeral Home, Walker Funeral Home, Joseph R. Garr Funeral Home, and, under the Magistrate Judge's liberal construal, the Hamilton County Coroner. (Doc. 3, #16–17; Doc. 4, #25–26 & n.4). Franklin alleged, among a few other things, that "Battle wouldn't let [her] see [her] son[']s remains,"

3

that the "Coroner removed [her son's] eyes without [her] permission, and that "Walker has two death dates and refused to give [her] any information about [her] daughter." (Doc. 3, #18).

After analyzing the Complaint, the R&R first concluded that the Court does not have subject-matter jurisdiction to consider Franklin's claims against the three funeral homes. (Doc. 4, #25–26). As for diversity jurisdiction, the Magistrate Judge noted that the parties are not completely diverse. (*Id.* at #25). And the Magistrate Judge determined that the Court lacked federal question jurisdiction because Franklin did not allege any facts to suggest that the private funeral homes were acting under color of state law, which a 28 U.S.C. § 1983 claim would require. (*Id.* at #25–26). Nor could the Magistrate Judge discern any other claim based on federal law. (*See id.*).

But the R&R concluded that the Hamilton County Coroner could perhaps have acted under color of state law, so the Magistrate Judge "proceed[ed] beyond the threshold jurisdictional issue" to analyze the sufficiency of Franklin's claims against the coroner. (*Id.* at #26). But she concluded that the dearth of factual allegations against the coroner meant Franklin failed to state a plausible claim, and therefore recommends dismissal under the *Iqbal/Twombly* paradigm. (*Id.* at #26–27).

Franklin objected. (Doc. 6). But that "Objection" is merely a copy of the R&R with a handwritten note at the top that states Franklin would "like to appeal," (*id.* at #31), accompanied by some 80 pages of random material, including bank and medical

4

records, that the Court has since sealed because they contain personally identifiable information. The filing, in other words, raises no specific objections to the R&R.

In any event, after reviewing the Complaint, the Court agrees with the Magistrate Judge that the Court lacks subject-matter jurisdiction to consider the claims against the private funeral homes, and that Franklin failed to state a plausible claim against the Hamilton County Coroner. Franklin alleged that she and the funeral homes are all Ohio citizens, which takes diversity jurisdiction off the table. *See* 28 U.S.C. § 1332(a). And Franklin offered no facts from which the Court can reasonably infer that the funeral homes were acting under color of state, such that they are subject to a § 1983 suit. With no other discernable federal claim, federal question jurisdiction won't work. *See id.* § 1331. Turn to the claims against the coroner. As the R&R noted, the Complaint does not suggest that Franklin's son was a minor, such that she has a legally "cognizable interest" over his remains, nor does it hint at how the coroner's actions violated Franklin's federal statutory or constitutional rights. (Doc. 4, #26–27). As such, the Court agrees that Franklin has failed to state a plausible claim against the coroner.

Beyond recommending dismissal, the Magistrate Judge formally warned Franklin that "if she persists in filing further lawsuits that are dismissed sua sponte on initial screening, she is likely to be deemed to be a vexatious litigant subject her to pre-filing restrictions." (Doc. 4, #27). The Court joins in that warning here. Significant judicial resources and court time have been spent screening Franklin's numerous complaints, most (if not all) of which appear to make wholly frivolous

5

allegations. As such, the Court **FORMALLY WARNS** Franklin that filing any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards will result in her designation as a vexatious litigator.

Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Franklin leave to appeal IFP. But as a non-prisoner, Franklin may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024).

For the reasons explained, the Court **ADOPTS** the R&R (Doc. 4) with one minor modification and **OVERRULES** Franklin's Objection (Doc. 6). Specifically, the Court **DISMISSES WITH PREJUDICE** Franklin's claims against the Hamilton County Coroner for failure to state a claim and **DISMISSES WITHOUT PREJUDICE** Franklin's claims against the three private funeral home Defendants because the Court lacks subject-matter jurisdiction.[3] Finally, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

---

[3] While the Court dismisses the claims without prejudice, the dismissal is "preclusive of [Franklin's] ability to refile in federal court." *Kelly v. Phifer*, No. 1:22-cv-399, 2022 WL 17037566, at *3 n.3 (S.D. Ohio Nov. 17, 2022).

**SO ORDERED.**

April 11, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**